RECEIVED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL 18 2014

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

UNIV ER PHREYKZ )
_____ )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )
 )
v. )
CHICAGO BOARD OF EDUCATION, )
CHICAGO TEACHERS UNION )
_____ )
_____ )
(Name of the defendant or defendants) )

CIVIL ACTION

NO 1:14-cv-05506
Judge Sharon Johnson Coleman
Magistrate Judge Sidney I. Schenkier

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is   UNIV ER PHREYKZ   of the

county of   DUPAGE   in the state of   ILLINOIS.

3.* The defendant is CHICAGO BOARD OF EDUCATION   , whose

street address is 125 SOUTH CLARK STREET, 7TH FLOOR.

(city) CHICAGO (county) COOK   (state) ILLINOIS (ZIP) 60603

(Defendant's telephone number) (773)-553-6611

4. The plaintiff sought employment or was employed by the defendant at (street address)

125 SOUTH CLARK STREET, 2ND Floor (city) CHICAGO

(county) COOK   (state) ILLINOIS (ZIP code) 60603

3* DEFENDANT NO.2 IS CHICAGO TEACHERS UNION. WHOSE
STREET ADDRESS IS 200 MERCHANDIZE MART PLAZA, STE. 400
(CITY) CHICAGO (COUNTY) COOK, (STATE) ILLINOIS (ZIP) 60603,
(DEFENDANT'S TELEPHONE NUMBER) (312) 329-9100.

5.  The plaintiff [*check one box*]

    (a) ☐     was denied employment by the defendant.

    (b) ☐     was hired and is still employed by the defendant.

    (c) ☒     was employed but is no longer employed by the defendant.

6.  The defendant discriminated against the plaintiff on or about, or beginning on or about,

    (month) _DECEMBER_ (day) _29_ , (year) _2010_ .


7.1    **(Choose paragraph 7.1 or 7.2, do not complete both.)**

    (a)  The defendant is not a federal governmental agency, and the plaintiff   [*check*

     *one box*]    ☐ *has not*       filed a charge or charges against the defendant

                      ☒ *has*

asserting the acts of discrimination indicated in this complaint with any of the following

government agencies:

    (i)     ☒   the United States Equal Employment Opportunity Commission, on or about

         (month)_____ (day)_____ (year)_____.

    (ii)    ☐   the Illinois Department of Human Rights, on or about

         (month)_____ (day)_____ (year)_____.

  (b)  If charges *were* filed with an agency indicated above, a copy of the charge is

attached.   ☐ YES.    ☒ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.


7.2     The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

    defendant asserting the acts of discrimination indicated in this court complaint.

2

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____

(day)_____ (year)_____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ YES  ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES  ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a)☐ the United States Equal Employment Opportunity Commission has not issued

a *Notice of Right to Sue.*

(b)☒ the United States Equal Employment Opportunity Commission has issued a

*Notice of Right to Sue*, which was received by the plaintiff on

(month) __APRIL__ (day) _21_ (year) _2014_ a copy of which

*Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only*

*those that apply*]:

(a)☒ Age (Age Discrimination Employment Act).

(b)☒ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☒ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☒ other (specify): FAILED TO RECOGNIZE THE PLAINTIFF'S LEGITIMATE CREDENTIALS AND NATURE OF JOB PERFORMED AND DELIBERATE MISIDENTIFICATION AND WRONGFUL DESIGNATION.

4

_____

_____

_____

_____

13.    The facts supporting the plaintiff's claim of discrimination are as follows:

PLEASE SEE ATTACHMENT No. 1.

_____

_____

_____

_____

_____

14.    **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.    The plaintiff demands that the case be tried by a jury. ☒ YES    ☐ NO

16.    THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐    Direct the defendant to hire the plaintiff.

(b) ☒    Direct the defendant to re-employ the plaintiff.

(c) ☐    Direct the defendant to promote the plaintiff.

(d) ☐    Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐    Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒    Direct the defendant to (specify): $2,000,000.00 FOR DAMAGES CAUSED THROUGH LOSS OF

EMPLOYMENT, UNSPEAKABLE AMOUNT OF MENTAL PAIN AND SUFFERINGS SUFFERED BY THE PLAINTIFF AS A RESULT OF WRONGFUL SUSPENSION AND SUBSEQUENT TERMINATION

(g) ☒    If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒    Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_Univ Er Phreykz_ (signature)

(Plaintiff's name)

**UNIV ER PHREYKZ**

(Plaintiff's street address)

4328 YACKLEY AVE. UNIT 6.

(City) LISLE   (State) IL   (ZIP) 60532

(Plaintiff's telephone number) (630) - 667 - 4544.

Date: 04|18|2014.

1   **Univ Er Phreykz**                                    Civil Action No.:_____

2   **Vs.**

3   **Chicago Board of Education et al**

4                                   **<u>ATTACHMENT NO. 1</u>**

5           (**<u>ANSWER TO ITEM NO. 13</u>** OF THE COMPLAINT OF EMPLOYMENT DISCRIMINATION)

6    1)   The Plaintiff, Univ Er Phreykz was hired as a Science (Biology) and Computer Technology teacher

7         by the Chicago Board of Education in August 2004.

8    2)   The Plaintiff, Univ Er Phreykz obtained his Alternative Secondary Science Teaching certificate

9         from the Benedictine University in Lisle, Illinois.

10   3)   Since the Plaintiff, Univ Er Phreykz was a Science graduate and Science teacher by training, the

11        Chicago Board of Education paid a part of the fees for the Alternative Secondary Science

12        Teaching certificate program between the period July 2004 and June 2005.

13   4)   As a Science teacher, the Plaintiff, Univ Er Phreykz, has earned the following Science credentials

14        (a total of 11 Science credentials) on his teacher certificate (eligible to teach Grade 6 through

15        Grade 12).

16            a.   Secondary Education (Grade 6 through Grade 12)

17            b.   Biology (Senior High School – Grade 9 through Grade 12)

18            c.   Biological Science (Middle School – Grade 6 through Grade 8)

19            d.   Botany (Plant Science) (Senior High School – Grade 9 through Grade 12)

20            e.   Computer Science (Middle School – Grade 6 through Grade 8)

21            f.   Computer Science (Senior High School - Grade 9 through Grade 12)

22            g.   General Science (Middle School – Grade 6 through Grade 8)

1         h. General Science (Senior High School - Grade 9 through Grade 12)

2         i. Anatomy and Physiology (Senior High School - Grade 9 through Grade 12)

3         j. Environmental Science (Senior High School - Grade 9 through Grade 12)

4         k. Zoology (Senior High School - Grade 9 through Grade 12)

5   5) The Plaintiff, Univ Er Phreykz, earned all his teaching credentials through more than 12 years of

6     college education obtaining a professional degree in Veterinary Medicine, a Master's degree in

7     Environmental Science, a second Master's degree in Biology and a Post-Graduate Alternative

8     Secondary Science Teaching certificate, plus more than 32 college credits in Computer Science

9     and Mathematics. All of the above earned the Plaintiff, Univ Er Phreykz in one of the most

10    credentialed, uniquely qualified Science teacher in the state of Illinois.

11   6) The Plaintiff, Univ Er Phreykz, was wrongfully discharged as an employee of the Chicago Board

12     of Education as of March 31, 2012 on the following premise contrary to obvious and irrefutable

13     facts.

14         a. The Chicago Board of Education Claims that the Plaintiff, Univ Er Phreykz, is NOT a

15         science teacher even though he was teaching Science at the Chicago Public Schools

16         since August 2004 through December 31, 2010 (last day of work performed as a Science

17         teacher in the Chicago Public Schools).

18         b. The Chicago Board of Education by deliberate and wrongful designation of the Plaintiff,

19         Univ Er Phreykz as a Non-science teacher refused to rehabilitate the Plaintiff, Univ Er

20         Phreykz and denied his request to offer him a Chicago City Residency waiver as was

21         offered to teachers of high needs subject areas including Science teachers during the

22         period December 2009 through December 2010 when the Chicago City Residency

23         requirement was enforced under a new management. Hundreds of Chicago Public

24         School teachers (high need subject areas) were rehabilitated and Residency Waiver

1    issued during the period June 2009 and January 2011).   But the Plaintiff, Univ Er

2    Phreykz, despite his full-fledged Science credentials and while he was still teaching

3    science when the discharge action was taken was denied of the Chicago Residency

4    waiver due to the following reasons:

5        i.   The Plaintiff, Univ Er Phreykz, was a minority among minorities (Asian Indian)

6           and therefore no one (in the Chicago Board of Education and from the Public

7           including the media) would come for his defense if a wrongful action of

8           termination was initiated despite his overwhelming Science credentials.

9        ii.   The Plaintiff, Univ Er Phreykz's race (South Asian) and color (black) were

10          additional factors that prompted the Chicago Board of Education to overlook

11          obvious facts and discriminatorily apply the Chicago Residency waiver clause to

12          terminate the employment of the Plaintiff, Univ Er Phreykz, under the context

13          that the  Plaintiff, Univ Er Phreykz was wrongfully deemed by the Chicago Board

14          of Education as a Non-science Teacher and therefore not eligible for Chicago

15          Residency waiver as was offered (during the same time period) to other science

16          teachers of the Chicago Public Schools where were not actual residents of the

17          City of Chicago.

18    c.   In addition, the Plaintiff, Univ Er Phreykz, was targeted for employment termination

19    because filed a complaint against his supervisor, Ms. Kenya Sadler who was at the time

20    of suspension of the Plaintiff, Univ Er Phreykz, was a Principal at the Chicago Public

21    School's Brown Elementary School, Chicago.  The Plaintiff, Univ Er Phreykz, stated in his

22    October 2010 complaint to the Chicago Board of Education's administrators about

23    improper and illegal coercion by Ms. Kenya Sadler by ordering the Plaintiff, Univ Er

24    Phreykz to make illegal copies of Micosoft Operating system / Microsoft Office suite and

1    install them on the School computers freshly purchased by Ms. Kenya Sadler. A long

2    string of emails sent to the Area Education officers, Directors and the Chicago Board of

3    Education during the period between October 2010 and December 2010 resulted in a

4    quick retaliatory action in form of indefinite suspension without pay effective December

5    31, 2010 and subsequent termination of employment of the Plaintiff, Univ Er Phreykz as

6    of March 31, 2012. All in the pretext that the Plaintiff, Univ Er Phreykz was not deemed

7    a Science teacher by the Administration while the Plaintiff, Univ Er Phreykz was still

8    teaching Science on the last day of his work with the Chicago Public School's Brown

9    Elementary School.

10   d.   No inquiry was conducted by the Chicago Board of Education based on the complaints

11        filed with the Chicago Board of Education about Ms. Kenya Sadler's actions and illegal

12        conduct during the month of December 2010. None of Ms. Kenya Sadler's Supervisors

13        including the Area Education Officer, Area Education Director or the Chicago Board of

14        Education or the Inspector General of the Chicago Board of Education ever initiated any

15        action or inquiry regarding Ms. Kenya Sadler's actions which prompted the Plaintiff,

16        Univ Er Phreykz's complaints to the Chicago Board of Education resulting in a retaliatory

17        termination of employment of the Plaintiff, Univ Er Phreykz.

18   e.   The Chicago teacher's union failed to defend or did not adequately represent the

19        Plaintiff, Univ Er Phreykz despite being a full member of the Chicago Teacher's Union.

20        The Chicago Teacher's Union for reasons unknown colluded with the Chicago Board of

21        Education by allowing a pre-suspension hearing without the Plaintiff, Univ Er Phreykz

22        given an opportunity to present himself at the hearing. The Chicago Board of Education

23        offered a union lawyer who only offered the Plaintiff, Univ Er Phreykz to voluntarily

1           accept a wrongful termination of employment in exchange for consideration of a future

2           job opportunity at the Chicago Public School.

3       f.   Since the Plaintiff, Univ Er Phreykz was a tenured teacher, pre-termination hearing was

4           conducted by the Chicago Board of Education. The "pre-destined" hearing was

5           conducted as the Plaintiff, Univ Er Phreykz choose to represent himself rejecting the

6           unreasonable offer made by the Chicago Teacher's Union lawyer. The unconscionable

7           hearing officer heard everything over a two day period. But in the end the hearing

8           officer rubber-stamped the Chicago Board of Education's wish to terminate my

9           employment without any care or concern for any facts involved in the wrongful

10         termination action of the Chicago Board of Education against the Plaintiff, Univ Er

11         Phreykz.

12      g.  The failure of the Chicago Teacher's Union to adequately represent the Plaintiff, Univ Er

13         Phreykz clearly indicates a collusion by the Chicago Teacher's Union with the Chicago

14         Board of Education's desire and moves to eliminate undesirable teachers for any one or

15         more of the aforementioned reasons. The complaints against the Chicago Teacher's

16         Union and the Chicago Board of Education brought before the Illinois Labor Relations

17         Board ended without any fair resolution allegedly for want of a very narrow jurisdiction

18         of the Illinois Labor Relations Board.

19      h.  The complaints against the Chicago Board of Education brought before the Equal

20         Employment Opportunity ended without any fair resolution but allowed the Plaintiff,

21         Univ Er Phreykz to sue the Chicago Board of Education in a Federal court.

22      i.   The Plaintiff, Univ Er Phreykz is currently wrongfully blacklisted by the Chicago Board of

23         Education and therefore could not be employed by any of the Chicago Public Schools or

24         its affiliates in the City of Chicago.

EEOC Form 161 (11/09)

 **. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Univ E. Phreykz
4328 Yackley Ave #6
Lisle, IL 60532

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2012-02678 | Eric Lamb,<br>Investigator | (312) 869-8092 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]* John P. Rowe
4-21-14

Enclosures(s)

John P. Rowe,
**District Director**

*(Date Mailed)*

cc:
Kristin Lion, Asst. General Counsel
**CITY OF CHICAGO BOARD OF EDUCATION**
125 S Clark Street, Suite 700
Chicago, IL 60603