# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNIV ER PHREYKZ,                              )
                                             )
                    Plaintiff,               )
                                             )        No. 14-cv-5506
v.                                           )
                                             )        Judge Sharon Johnson Coleman
BOARD OF EDUCATION OF THE                    )
CITY OF CHICAGO, CHICAGO                     )
TEACHERS UNION,                              )
                                             )
                    Defendant.               )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Univ Er Phreykz, filed a *pro se* Amended Complaint against the Board of Education of the City of Chicago ("Board") and the Chicago Teachers Union ("CTU"), alleging race and age discrimination, retaliation and harassment stemming from Phreykz's discharge from employment as a Chicago Public School Teacher. The Board and CTU each move to dismiss [23, 27] for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court heard oral arguments on the motions on July 10, 2015.[1] For the reasons that follow, the motions are granted.

**Background**

Phreykz began his employment as a Chicago Public School teacher on August 28, 2004, at William H. Brown Elementary School. He was discharged from employment on March 30, 2012. The reason given for his discharge was his failure to meet the residency requirements. Phreykz alleges that the residency requirement was pretext for a racially motivated termination. Phreykz further alleges that his termination was in retaliation for his filing of internal complaints of racial discrimination in 2009 and 2010. Phreykz's form Amended Complaint includes claims of age, color, and national origin discrimination and harassment in addition to his racial discrimination and retaliation claims. Phreykz also claims that CTU acted discriminatorily in the handling of his complaints.

---

[1] The Court cautions Phreykz against resorting to argument beyond the scope of his claims. While Phreykz may be unfamiliar with all the relevant legal procedures and arguments, as a teacher, he should be aware that prepared, yet incorrect, comments referencing "the 500-year history of this country" among other statements do not bolster his claims about his superior teaching abilities no matter how emphatically presented.

**Legal Standard**

When considering a motion to dismiss pursuant to Rule 12(b)(6) the Court accepts as true all well-pleaded allegations, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and draws all reasonable inferences in favor of the nonmoving party, *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Federal Rule of Civil Procedure 8(a)(2) sets forth the basic pleading requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead particularized facts, the factual allegations in the complaint must sufficiently raise a plausible right to relief above a speculative level. Arnett v. Webster, 658 F.3d 742, 751-52 (7th Cir. 2011). Complaints filed by *pro se* plaintiffs are not held to the same standards expected of pleadings drafted by counsel. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, a *pro se* plaintiff may plead himself out of court by alleging facts that defeat the claim. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

**Discussion**

*1. The CTU*

The Chicago Teachers Union reads the Amended Complaint to allege two possible claims against the CTU: (1) breach of its duty of fair representation; and (2) age or race discrimination. CTU moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. CTU argues that this Court has no jurisdiction over the duty of fair representation claim because all Illinois educational employees, including Chicago Public School ("CPS") teachers, must bring duty of fair representation claims to the Illinois Educational Labor Relations Board and Phreykz failed to do so. *Alexander v. Northeastern Ill. Univ.*, 586 F. Supp. 2d 905, 911 (N.D. Ill. 2008) (the IELRB has "exclusive initial jurisdiction"); *Pugh v. Chicago Teachers Union*, 2012 U.S. Dist. LEXIS 64750, at *6-7 (N.D. Ill. May 8, 2012).

CTU also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies and for failure to state a claim. First, CTU argues that Phreykz's Title VII and Age Discrimination in Employment Act ("ADEA") claims should be dismissed with prejudice because Phreykz did not name CTU in his discrimination charge. (Dkt. 11, Amd. Compl. at 7). To bring discrimination claims, whether based on race or age, Phreykz must have filed a discrimination charge with either the Illinois Department of Human Rights or the Equal Employment Opportunity Commission. *See Reynolds v. Tangherlini,* 737 F.3d 1093, 1099, 1101-02 (7th Cir. 2013). Failure to name a party in a discrimination charge precludes this party from being sued.

*Alam v. Miller Brewing Co.,* 709 F.3d 662, 666 (7th Cir. 2013). Next, CTU argues that Phreykz fails to plead a plausible case of CTU animus because he admits in the complaint that he does not know why CTU did not pursue his case.

First, this Court is without jurisdiction to hear the case against CTU since Phreykz has not shown that he brought his duty of fair representation claims to the Illinois Educational Labor Relations Board. Second, even if he had brought his claims to the IELRB, this Court would dismiss the Complaint for the additional reasons that CTU was not named in the discrimination charge submitted to the EEOC and the IDHR, and Phreykz must allege some factual basis for claiming the CTU's treatment of his grievances is based on racial or age-related animus. This Court dismisses the Complaint against CTU with prejudice.

*2. Board of Education*

As a threshold matter, the Board moves for an order dismissing the "Chicago Board of Education," but will accept an order directing the Clerk of the Court to change the name on the docket to the Board of Education of the City of Chicago as the appropriate entity. *See* 105 ILCS 5/34-2. As stated on the record at the hearing, this Court grants the motion and directs the Clerk of the Court to amend the docket to reflect the Board of the City of Chicago as the appropriate entity.

Next, the Board argues that Phreykz's age discrimination and harassment claims exceed the scope of the administrative charge. Indeed, the Court reviewed the charge that is attached to the Amended Complaint and it indicates only race discrimination and retaliation against the Board arising from Phreykz discharge from employment. A plaintiff may not assert claims under Title VII or the ADEA that he did not include in his administrative charge. *Cheek v. W & S Life Ins., Co.,* 31 F.3d 497, 500 (7th Cir. 1994). If claims are "like or reasonably related" to the charge and could reasonably be expected to grow out of an investigation, this Court could allow Phreykz to pursue them in this case. However, here there does not appear to be any relationship between the age discrimination and harassment claims and the charge allegations of a racially-motivated termination of employment and retaliation. *See Sitar v. Indiana Dep't of Trans.,* 344 F.3d 720, 726 (7th Cir. 2003). Therefore, the Court dismisses with prejudice the age discrimination and the harassment claims against the Board of Education because Phreykz did not exhaust his administrative remedies by including those allegations in his administration charge. The Court dismiss without prejudice and with leave to replead the racial discrimination and retaliation claims against the Board of Education.

**Conclusion**

Based on the foregoing, this Court grants CTU's Motion to Dismiss the Amended Complaint [23] with prejudice. The Court grants the Board's Motion to Dismiss the Amended Complaint [27] with prejudice as to the age discrimination and harassment claims, but without prejudice as to the racial discrimination and retaliation claims. The Court will allow Phreykz 30 days from entry of this Order to file a Second Amended Complaint.

IT IS SO ORDERED.

Date: July 10, 2015

Entered:

SHARON JOHNSON COLEMAN
United States District Judge